UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS JOHN PEKARI,

    Petitioner,

v.                                      Case No. 8:11-cv-1399-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Pekari petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for attempted capital sexual battery, for which he serves twenty years. The petition is time-barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition."), and Jackson v. Sec'y Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Pekari's conviction was final on November 3, 2006,[1] and the limitation expired one year later, absent tolling for a state post-conviction proceeding.  Pekari let 346 days elapse before filing a state Rule 3.850 motion for post-conviction relief on October 15, 2007.  Tolling continued until November 30, 2007.[2]  Pekari had 19 days remaining (365 - 346 = 19).  Tolling commenced again 10 days later when Pekari filed a second Rule 3.850 motion for post-conviction relief on December 10, 2007.  Pekari had 9 days remaining (19 - 10 = 9).  Tolling continued on July 20, 2008.[3]  Consequently, Pekari's federal one-year deadline was July 29, 2008 (July 20, 2008 + 9 days = July 29, 2008).

Pekari is not entitled to tolling for his Rule 3.800 motion to correct illegal sentence, which was filed on October 3, 2008, because the limitation expired more than two months earlier.  "[A] properly and timely filed petition in state court only tolls the time

---

[1] Pekari pleaded guilty.  On October 4, 2006, Pekari was sentenced.  Because Pekari filed no appeal, the conviction became final on November 3, 2006, upon expiration of the thirty days permitted for filing a notice of appeal.

The dates in this order are from Pekari's petition and the online dockets for the Second District Court of Appeal and the Tenth Judicial Circuit Court, Manatee County.

[2] The circuit court denied the motion on October 31, 2007.  Because Pekari filed no appeal, tolling continued for the thirty days permitted for filing a notice of appeal.

[3] The circuit court denied the motion on June 20, 2008.  Because Pekari filed no appeal, tolling continued for the thirty days permitted for filing a notice of appeal.

remaining within the federal limitation period."  Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002).

Accordingly, the amended petition for the writ of habeas corpus (Doc. 9) is **DENIED** as time-barred.  The clerk shall enter a judgment against Pekari and close this case.

ORDERED in Tampa, Florida, on August 5, 2011.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE